Alvin Hawkins, J.,
 

 delivered the opinion of the Court.
 

 John Simpson died intestate, in June, 1864, being the owner of a large real estate, and leaving his widow and nine children surviving him.
 

 
 *621
 
 On the 9th of May, 1865, Elizabeth Simpson, the widow, John J. Prather and his wife, Margaret J.; Darius B. Jackson and wife, Mary E.; together with Bowman G., Martha T., James C., David F., Sarah F. and John T. Simpson, filed this bill in the Chancery Court at Madisonville, against Joseph Alexander and wife, Mary C., seeking a partition of the real estate of the intestate, or a sale of the same for partition, and the assignment of a portion of said land to the widow in fee simple, in lieu of dower.
 

 Complainant, Elizabeth, is the widow, and the other parties are the heirs at law, of the intestate.
 

 Six of the complainants, to-wit: Bowman G., Martha T., James C., David F., Sarah F., and John T. Simpson, are minors, and are made complainants, by John J. Prather, who, it is alleged, is their guardian.
 

 The bill, among other things, alleges that it will be decidedly for the benefit and interest of all concerned, that a child’s part, or an interest equal to one tenth of said lands, be assigned to the widow, absolutely, in lieu of dower, and prays that the same may be done, and so laid off as to include the mansion.
 

 The defendants answer, admitting the allegations in the bill, and join in the prayer thereof.
 

 At the June Term, 1865, of said Court, a decree was pronounced, directing the Master to hear proof and report whether it was to the interest of the heirs at law of the intestate, that the widow should take an interest in fee simple in said lands, equal to a child’s part, in lieu of dower.
 

 Upon the statement of two persons, who it does not
 
 *622
 
 appear were sworn, the Master reported, the same would be to the interest of all concerned.
 

 No exceptions having been filed to the report, it was confirmed, and, thereupon, the Chancellor proceeded, by decree, to vest in the widow a fee simple estate in one undivided tenth part of all the lands which her husband owned at the time of his death, in lieu of dower.
 

 Commissioners were appointed to partition said lands, who proceeded to do so; and, as appears from their report, after laying off the lands in different lots in the following manner, to-wit: “by writing the name of each heir on a separate ticket, all of which, after being folded, were placed in a hat and drawn out by Mrs. Elizabeth Simpson, at the request of the heirs present, and the guardian of the minor heirs; the first drawn name being entitled to share No. 1, (share No. 2, being assigned to Mrs. Elizabeth Simpson,) the next drawn name being entitled to share No. 3, and so on until all were drawn.”
 

 And in this way allotted—
 

 To Mrs. M. C. Alexander lot No. 1, 397 acres valued at $4,500
 

 “ Mrs. E. Simpson “ “ 2,318 “ “ “ 4,000
 

 “ James C. Simpson “ “ 3, 318 “ “ 4,000
 

 “ Mrs. Mary J. Prather “ “ 4, 321 “ “ 4,000
 

 “ Mrs. M. E. Jackson “ “ 5,250 “ “ 2,800
 

 “ “ 6,320 “ “ Sarah T. Simpson “ 3,000
 

 “ “ 7,480 “ “ John T. Simpson “ 4,000
 

 “ “ 8,360 “ “ Martha T. Simpson “ 3,000
 

 “ Bowman G. Simpson “ “ 9, 364 “ “ 3,000
 

 “ David F. Simpson “ “10,356 « “ 5,000
 

 
 *623
 
 From which it appears that the share allotted to Mrs. Simpson was assigned her by the commissioners before the drawing, and was not drawn for; and, notwithstanding the great inequality in the estimated value of different shares, ranging from $2,800 to $5,000, the commissioners took no steps whatever, to equalize the several shares, as they were required by law to do.
 

 This report of the commissioners being also unex-cepted to, it was likewise confirmed, and a decree pronounced, vesting title to the several lots in the persons to whom they had been severally allotted.
 

 The Chancellor then decreed that the guardian of the minors and one Johnson, administrator of the intestate, (who is no party to the suit) pay all the costs of the cause; and also directed the Master to take proof, and report what would be a reasonable fee for complainants’ solicitors.
 

 The Master, in obedience thereto, reported that $1,000 would be a reasonable fee for said solicitors, and on the next day after this report was filed, being also unexcepted to, it was confirmed; and, thereupon, the Chancellor decreed that “the personal representatives and the guardian of the minor heirs of the said John Simpson,” pay to said solicitors the sum of $1,000 “out of the assets belonging to said estates.”
 

 The personal representatives of the intestate, John Simpson, were no parties to the suit, nor in any manner before the Court, consequently could not be bound by the decree against them; and the only practical effect these several decrees touching costs and counsel fees could have, would be to onerate the infants with
 
 *624
 
 the entire costs of the cause, including the fees of complainants’ solicitors, amounting in the aggregate, as appears from this record, to the sum of $1,214.05
 

 D. B. Jackson and wife, and one of the infants, Sarah F. Simpson, by her
 
 next
 
 friend, D. B. Jackson, have appealed to this Court.
 

 Various errors have been assigned in argument.
 

 It is insisted in the first place, that the minors should have been made defendants instead of complainants ; and the cases of Davidson
 
 vs.
 
 Bowden, in 5 Sneed, and Winchester
 
 vs.
 
 Winchester, in 1 Head, are relied upon as authorites in support of this proposition.
 

 The case of Davidson
 
 vs.
 
 Bowden, was a bill filed by purchasers, seeking to be discharged from a purchase of lands sold under decree of the Chancery Court at Manchester, upon the
 
 ex parte
 
 petition of the widow and heirs of John Bowden.
 

 Six of the petitioners were minors, and petitioned by their mother, who was represented as their guardian.
 

 That case turned upon the construction of the Act of 1827, ch. 54, under which the sale purported to hav,^ been made. It was argued that the proceeding should have been by bill in regular form, and that the infant heirs ought to have been defendants.
 

 The Court held, that these objections were well founded. But it must be observed, that the Court in that case, held the joining the infants as complainants, was error, because of the provisions of the 5th section of the Act in question, by which it is required that “suits prosecuted under this Act, shall be conducted as
 
 *625
 
 other suits in equity;” and Judge McKinney, who delivered the opinion of the Court, in discussing this branch of the case, says: “The statute in terms, prescribes that the mode of proceeding shall be by bill in equity,” and the suit is to be conducted as other suits in equity. “In all cases in equity where it is sought to affect the interests of infants, and more especially their interest in real estate by an attempt to change it or to make petition or sale thereof, whether the application be by a stranger or an adult, co-tenant or others claiming a right to do so, the infants ought to be made defendants.”
 

 The case of Winchester
 
 vs.
 
 Winchester, was an application for leave to file a bill of review, to review a decree of the Chancery Court at Carthage, made in 1829, in a proceeding for the sale of lands, also purporting to have been instituted under said Act of 1827, ch. 54, and in which a minor had been made a petitioner. It was urged that this was error; and this Court held upon the authority of the case of Davidson
 
 vs.
 
 Bowden, before referred to, that it was error to join the minor with the adults as a petitioner.
 

 But the proceeding in the case now in hand, was instituted under a different and subsequent statute, and one which does not prescribe that the proceeding shall be by bill in equity, or that the suit “shall be conducted as other suits in equity.”
 

 Section 3262 of the Code, provides, that “any person having an estate of inheritance, or for life or for years in lands, and holding and being in possession
 
 *626
 
 thereof as tenant in common, or otherwise, with ^others, is entitled to partition thereof, or sale for partition under the provisions of this chapter.”
 

 By section 3266, concurrent jurisdiction of partition cases under that chapter, is given to the County, Circuit and Chancery Courts of this State, by bill or partition, as thereinafter prescribed.
 

 The statute then goes on to prescribe where the bill or petition may be filed, what it shall set forth, who shall be made parties, how notice shall be given in case all persons interested do not join in the bill or petition, how the petition or sale shall be made, how shares of unequal value shall be equalized, etc.
 

 Instead of declaring such suits “shall be conducted as other suits in equity,” as does the Act of 1827, ch. 54, before referred to, this statute undertakes within itself, and in terms, to prescribe the manner in which they may be conducted; and as if to show conclusively that the provisions of the 5th section of the Act of 1827, were not intended to be carried into the Code, and that it contemplated proceedings for partition or for sale for partition, might be instituted and conducted otherwise than as other suits in equity, section 3274 provides that “the action may, however, be commenced by filing the petition or bill, and issuance and service of copy and summons, or making publication as in other Chancery cases.
 

 The language of the statute is broad: “Any person having an estate of inheritance * * * * with others, is entitled to have partition thereof, or sale for partition.”
 

 By this statute, the Legislature evidently intended
 
 *627
 
 to confer upon all persons having an estate in lands, with others, the right to have partition of the same. Suppose all the owners of the estate are minors, are they not, under the provisions of this statute, as much entitled to partition, or áale for partition, as though they were all adults?
 

 Then, any person, be he adult or minor, “having an estate of inheritance,” etc., may go into the County, Circuit or Chancery Court, by bill or petition, and ask that the same be partitioned or sold for partition. And if the proceedings be conducted in the manner prescribed by the Code, although “'not as other suits in equity,” they will be regular and valid.
 

 To hold otherwise, it seems to me, would be doing-violence to both the spirit and language of the statute, and to deny the means of enforcing a right clearly conferred by statute upon infants as well as adults.
 

 Sections 3289, 2414, of the Code, provide, that, if dower has never been allotted to the person entitled upon petition for partition, the same may, on motion or petition, be allowed or set apart, as in other cases.
 

 So, if this were merely a petition for partition, or sale for partition and assignment of dower under the provision of the Code, we think the mere fact that the infants are made complainants instead of defendants, other questions out of the way, could not, of itself, make any difference.
 

 But it is more. The bill seeks to have vested in the widow a title in fee to a portion including the mansion, equal to a child’s part of the lands of the ancestor, in lieu of dower.
 

 
 *628
 
 This is not authorized by the statute, nor does the statute prescribe the manner in which such a proceeding may be conducted.
 

 Upon the death of the husband, intestate, leaving a widow, or testate, and the widow dissents therefrom; or in case of a bequest of personalty for her, and the whole of her husband’s property, including the bequest, is taken to pay the husband’s debt, the widow is entitled to dower in one third part of all the lands of which her husband died seized and possessed, or of which he was equitable owner, and in lands, mortgaged, or conveyed in trust to pay debts, in case the husband die before the foreclosure of the mortgage, or sale under the trust deed.
 

 And this third part shall be and inure to her own proper use, benefit and behoof for and during the term of her natural life.
 

 She is, by operation of law, entitled to one third of her husband’s lands, and upon the same being assigned to her, she may be invested with an estate therein for life only: Code, sec. 2389, and following sections.
 

 In case of sale for partition with her assent, her estate may be sold with the rest and the value thereof paid over in gross, or the proper proportion of the fund invested and the income paid over to her during the continuance of the estate: Code, secs. 3305, 3307.
 

 As before intimated, the statute nowhere provides that any court may assign to the widow any portion of the husband’s lands in fee simple, in lieu of dower,
 
 *629
 
 even though it be to the interest of the heirs that the same should be done. Whether a Court of Chancery under its general powers, may do so or not, we will not now determine, but be this as it may, inasmuch as the statute does not prescribe the mode of proceeding in such a case, it must be conducted as other suits in equity.
 

 Infants because of their supposed want of discretion, are regarded as incapable of protecting their own rights, or of correctly determining what would be beneficial or prejudicial to their interests. An infant defendant, has, in general, a day given him after attaining twenty-one, to show cause if he can, against the decree, and is in some other respects privileged beyond an adult; but, according to the general practice, an infant complainant has no such privilege, and is as much bound as one of full age. Therefore, in all cases in equity in which it is sought to charge the real estate of the infant, he ought to be made a defendant and not a complainant, although he may be interested in the charge when raised: Danl. Ch. Pl. and Pr., Vol. 1, pages 92-3.
 

 Joining the infants as complainants in this case, constitutes such error as for which the decree of the Chancellor must be reversed: Davidson
 
 vs.
 
 Bowden, 5 Sneed; Winchester
 
 vs.
 
 Winchester, 1 Head.
 

 It is also insisted, and, as we think, correctly, that it was error to allow the suit to be prosecuted in the names of the infant complainants, by their guardian, who was himself a complainant, and whose interest in the
 
 *630
 
 subject matter of the litigation is antagonistic to the interests of the infants, even though they might properly be made complainants.
 

 Although in general, an infant is capable of maintaining a suit, yet he is incapable of doing so, without the assistance of some other person, and such person is called the
 
 next friend
 
 of the infant; and although the practice of allowing an infant to sue by his guardian, describing him as such, has prevailed in this State, still he is, in all respects, the
 
 next friend
 
 of the infant. He is charged with all the duties and liabilities, subject to the same restraints, and bears the same relation to the infant and the suit, as though he had been described as the
 
 next friend
 
 of the infant. And because of the supposed incapacity of the infant, it is his duty sedulously to watch and protect the interests of the infant involved in the litigation. He is, in the conduct of the suit, subject to the control of the Court; and if he fail to do his duty, or if any other sufficient ground be brought to the knowledge of the Court, as, if he have an interest in the subject matter of the litigation antagonistic to the interests of the infant, the Court not only has the power, but it is its duty, to remove.him and appoint another, who may be more faithful, or not subjected to a similar temptation.
 

 "Were the rule otherwise, inasmuch as the Court, in favor of infants, will permit any person to institute suits on their behalf, the ends of justice might be defeated, and iniquities perpetrated by enabling a party whose interest in the litigation may be antagonistic to the
 
 *631
 
 interest of tbe infant, by assuming the office of
 
 next friend,
 
 to bring the infant before the Court, merely, under the forms of law, to rob it of its just rights, and at the same time accomplish his own avaricious, selfish purposes.
 

 Other errors have been assigned, and other questions discussed, in argument; but, in the view we have taken of this case, we do not deem it necessary to notice them further.
 

 The several decrees of the Chancellor will be reversed, and the cause remanded, with directions that the infants be made defendants, and some suitable person appointed guardian
 
 ad litem
 
 for them.